IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SERMENO, | No. 2:25-CV-02032-DJC-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JULIA OGONOWSKI, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion for preliminary injunction, ECF No. 3, and motion to appoint counsel for purposes of preliminary injunction proceedings, ECF No. 4.

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff names Julia Ogonowski, Butte County, and DOES 1-10 as Defendants. See ECF No. 1, pg. 1. Plaintiff states that he has three pending legal matters: (1) state habeas petition challenging CDCR; (2) "direct criminal appeal regarding custodial credits and enhancement errors;" and (3) a federal civil rights complaint. Id. at 2-3. Plaintiff asserts that on June 23, 2025, Plaintiff "submitted a formal government claim to Butte County, documenting omissions of mandatory custody credits, false prison assignment, and violations of Penal Code §2900.5 and related due process principals." Id. at 3. Petitioner states that, on July 10, 2025, Butte

1

County, "through Defendant Ogonowski, issued a boilerplate denial of Plaintiff's government claim without investigation, factual findings, or inquiry" into the matters. Id. at 3. Plaintiff contends that Butte County and Defendant Ogonowski "had constructive and actual notice of Plaintiff's mandated program participation." Id. Plaintiff contends that Butte County "has no adequate policies or procedures for evaluating tort claims alleging credit omissions or false imprisonment, and supervisors ratify unlawful omissions." Id. According to Plaintiff, the denial was in retaliation for Plaintiff's pending legal matters, in reckless disregard of constitutional requirements, "and to shield County employees from liability." Id. Additionally, Plaintiff believes the denial was "influenced by racial bias" and the denial "reflects a pattern of systematic neglect disproportionately affecting Black and Brown claimants in Butte County." Id. Further, Plaintiff asserts that these actions "negated Plaintiff's placement in CDCR and avoided parole, placing him lawfully under [Post Release Community Supervision] PRCS . . . [and] . . . impeded Plaintiff's access to three separate court proceedings." Id. Plaintiff contends that Butte County's records confirmed the information about "Plaintiff's custodial status and entitlement to credit for being at Life Recovery Ministries in Oroville, CA." Id. Plaintiff states that he "does not seek to invalidate the judgment or conviction and does not challenge the facial validity of the sentencing court's order." Id. at 7.

Plaintiff asserts twelve claims for relief: (1) First Amendment Retaliation; (2) §1983 Denial of Access to Courts; (3) §1983 Failure to Investigate/Inadequate Investigation; (4) §1983 Conspiracy to Deny Constitutional Rights; (5) §1983 Monell Liability against Butte County; (6) §1983 Racial Discrimination in violation of Equal Protection; (7) Violation of Procedural Due Process; (8) Deprivation of Property without Due Process; (9) §1983 Fraudulent Concealment; (10) §1983 Suspension of the Writ of Habeas Corpus; (11) §1983 Equal Protection and violation of California Racial Justice Act; and (12) §1983 Monell Liability against Butte County Board of Supervisors. See id. at 3-15. Plaintiff requests damages, declaratory relief, and injunctive relief. See id. at 15-16.

///

///

2

## II. DISCUSSION

Plaintiff requests a preliminary injunction and declaratory relief. See ECF No. 3. However, it is not clear to the Court that either relief would prevent or mediate the irreparable harm Plaintiff alleges in the form of losing his housing. As explained further below, Plaintiff fails to show "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015). Therefore, the undersigned will recommend denying Plaintiff's motion for preliminary injunction and declaratory relief.

### A. Plaintiff's Motion for Preliminary Injunction

Plaintiff filed a motion for preliminary injunction and declaratory relief. See ECF No. 3. Plaintiff requests:

> 1. A preliminary injunction directing Defendants to notify the Butte County Superior Court and California Court of Appeal, Third District of material, exculpatory program records and custodial credit information in Plaintiff's criminal matters (case numbers 23CF02177 and 24CF02944), which are in the possession or constructive control of Butte County Probation and Risk Management;
>
> 2. Declaratory relief confirming that Defendants' failure to investigate Plaintiff's tort claim, preserve relevant records, and notify the sentencing court constitutes an ongoing deprivation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment

Id. at 2.

Plaintiff asserts that, as a result of Defendants' actions, he "faces discharge from transitional housing on September, 2025, and requires these records and judicial notice thereof to demonstrate program participation and improper CDCR placement." Id. at 3. Plaintiff contends he is likely to succeed on the merits because "Defendants' blanket denial without investigation or notice violates well-established procedural due process." Id. at 4. Additionally, Plaintiff contends his pending federal and state cases are "prejudiced by Defendants' refusal to disclose or investigate this information." Id. at 5. Plaintiff asserts that he will suffer irreparable harm because his "imminent discharge from housing . . . [and he] . . . is without sufficient means to secure new housing, transportation, or family reunification." Id. According to Plaintiff, without housing, his ability to pursue his federal and state cases will be "meaningfully obstructed" and his inability to

secure housing, with his minor child, is "not compensable through monetary damages." Id. at 6. Finally, Plaintiff contends that the balance of equities and public interest favor Plaintiff because the relief requested "is minimal, procedural, and equitable. No public agency interest is impaired by complying with legal disclosure duties and correcting an administrative error that affects custody and litigation outcomes." Id. at 7. Plaintiff argues "there is a compelling public interest in ensuring government agencies comply with constitution and statutory mandates" and Plaintiff faces irreparable harm whereas Defendants "face no legitimate hardship from being required to comply with constitutional and statutory obligations." Id. Plaintiff additionally requests declaratory relief under 28 U.S.C. §2201, finding that:

> 1. Defendants' refusal to investigate Plaintiff's June 23, 2025 tort claim constitutes a denial of procedural due process;
>
> 2. Defendants' failure to notify the sentencing court of Plaintiff's verified pre-sentencing custodial program participation and credits violates Plaintiff's right to access the courts and maintain accurate records;
>
> 3. Plaintiff is entitled to an administrative reconsideration of his claim consistent with constitutional due process.

Id. at 8.

The legal principles applicable to requests for injunctive relief are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). Under Winter, the test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied.'" See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting Alliance for the Wild Rockies v. Cottress, 632 F.3d 1127, 1135 (9th Cir. 2011)).

To prevail on a motion for injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015). Thus, there must be a nexus between the claims raised in the motion and the claims in the underlying complaint itself. See id. This nexus is satisfied where the preliminary injunction would grant "relief of the same character as that which may be granted finally." See id. (quoting De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

Plaintiff requests that Defendants be ordered to provide Butte County Superior Court and the California Court of Appeal accurate records showing Plaintiff's program history and custodial credit information. See ECF No. 3, pg. 2. Plaintiff additionally requests this Court declare that Defendants' actions violated Plaintiff's rights under the Due Process Clause. See id. Plaintiff asserts that, in the absence of injunctive and declaratory relief, he will lose his housing on September 5, 2025. Id. at 3. However, Plaintiff does not explain how providing records to the Butte County Superior Court and the California Court of Appeal would ensure he does not lose housing on September 5, 2025. It is not clear his housing is contingent on those records nor does Plaintiff show how declaring that his rights have been violated would ensure he stays in his housing. Absent a showing of "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint," Plaintiff is not entitled to relief. See Pac. Radiation Oncology, at 636 (9th Cir. 2015). Therefore, the undersigned will recommend Plaintiff's motion for injunctive and declaratory relief be denied.

**B.      Plaintiff's Motion to Appoint Counsel**

Plaintiff contends that appointment of counsel "for the narrow purpose of prosecuting the preliminary injunction will ensure fairness, expedite adjudication, and conserve judicial resources." ECF No. 4, pg. 2. According to Plaintiff, his motion for injunctive relief "involves nuanced analysis" and his "pro se status and pressing personal circumstances render self-representation ineffective." Id. at 3. Additionally, Plaintiff explains that representing himself at a preliminary injunction hearing "poses an undue burden given his health, housing instability, and limited legal training." Id. Plaintiff contends that appointment of counsel is appropriate

"given the gravity of the rights at stake – access to courts, housing stability, and fundamental due process." Id.

In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both must be viewed together before reaching a decision. See id.

The Court does not at this time find the required exceptional circumstances, either as to the likelihood of success on the merits, or as to Plaintiff's ability to articulate these claims even given the challenges he has described or the nature and complexity of the issues. Thus, the undersigned will recommend denying Plaintiff's motion to appoint counsel.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1. It is RECOMMENDED that Plaintiff's motion for injunctive relief, ECF No. 3, be DENIED.

2. It is RECOMMENDED that Plaintiff's motion to appoint counsel, ECF No. 4, be DENIED.

///
///
///
///
///
///
///
///

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
3  after being served with these findings and recommendations, any party may file written objections
4  with the Court.  Responses to objections shall be filed within 14 days after service of objections.
5  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.
6  Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 25, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE