**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LARRY SERMENO,

       Plaintiff,

    v.

JULIA OGONOWSKI, et al.,

       Defendants.

No.  2:25-CV-02032-DJC-DMC

ORDER

Plaintiff, who is proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's original complaint, ECF No. 1, Plaintiff's motion for judicial notice, ECF No. 9, and request for criminal referral, ECF No. 10.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction.  Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.       PLAINTIFF'S ALLEGATIONS

Plaintiff names Julia Ogonowski, Butte County, and DOES 1-10 as Defendants. See ECF No. 1, pg. 1. Plaintiff asserts that "[o]n June 23, 2025, Plaintiff submitted a formal government claim to Butte County, documenting omissions of mandatory custody credits, false prison assignment, violations of Penal Code § 2900.5 and related due process principles." Id. at 2. Plaintiff contends that the omitted "custody credits would have negated Plaintiff's placement in CDCR and avoided parole, placing him lawfully under [Post-release Community Supervision (PRCS)]." Id. Plaintiff states that when he filed the formal government complaint, Plaintiff had three legal actions pending in state and federal courts, as follows: "(a) a state habeas petition challenging CDCR jurisdiction; (b) a direct criminal appeal regarding custodial credits and enhancement errors; [and] (c) a federal civil rights complaint filed on July 3, 2025, concerning misconduct by probation officers." Id. at 3.

Plaintiff contends that "on July 10, 2025, Butte County, through Defendant Ogonowski, issued a boilerplate denial of Plaintiff's government claim" without proper investigation. Id. at 3. Plaintiff asserts that "the denial was issued in retaliation for Plaintiff's active litigation efforts and to shield County employees from liability. Id. Plaintiff contends that Butte County records "would have confirmed Plaintiff's custodial status and entitlement to credit

2

for being a Life Recovery Ministries in Oroville, CA." Id. Plaintiff claims that "failure to investigate and deliberate denial impeded Plaintiff's access to three separate court proceedings." Id. Moreover, Plaintiff contends that "Butte County has no adequate policies or procedure for evaluating tort claims alleging credit omissions or false imprisonment, and supervisors ratify unlawful omissions." Id. Further, Plaintiff contends that the dismissal of his claim was also "influenced by racial bias." Id. at 3. Plaintiff asserts that lack of investigation into his claim demonstrates a pattern of systemic neglect disproportionally affecting Black and Brown claimants in Butte County. See id. Plaintiff states that he "does not seek to invalidate the judgment or conviction and does not challenge the facial validity of the sentencing court's order." Id. at 7.

Plaintiff asserts twelve claims for relief: (1) First Amendment Retaliation; (2) §1983 Denial of Access to Courts; (3) §1983 Failure to Investigate/Inadequate Investigation; (4) §1983 Conspiracy to Deny Constitutional Rights; (5) §1983 Monell Liability against Butte County; (6) §1983 Racial Discrimination in violation of Equal Protection; (7) Violation of Procedural Due Process; (8) Deprivation of Property without Due Process; (9) §1983 Fraudulent Concealment; (10) §1983 Suspension of the Writ of Habeas Corpus; (11) §1983 Equal Protection and violation of California Racial Justice Act; and (12) §1983 Monell Liability against Butte County Board of Supervisors. See id. at 3-15. Plaintiff requests damages, declaratory relief, and injunctive relief. See id. at 15-16.

## II.    DISCUSSION

The Court finds that Plaintiff has asserted a cognizable Equal Protection claim against Defendant Ogonowski. Plaintiff additionally alleges a viable municipal liability claim against Butte County and Butte County Board of Supervisors to the extent that such claims allege that municipal policies resulted in Plaintiff being deprived of equal protection. The Court finds Plaintiff's remaining claims to be defective, for the reasons described below.

///

///

///

3

Plaintiff's motion for judicial notice, ECF No. 9, will be denied. To the extent that Plaintiff seeks to include the timeline and information proposed in the motion for judicial notice in his complaint, Plaintiff will have the opportunity to do so in an amended complaint. Thus, the undersigned will deny Plaintiff's request, without prejudice.

As to Plaintiff's request for criminal referral, ECF No. 10, Plaintiff provides no legal nor statutory basis for this Court to make a criminal referral. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997). Further, "[c]harging decisions are generally within the prosecutor's exclusive domain . . [] the separation of powers mandates judicial respect for the prosecutor's independence . . ." United States v. Carrasco, 786 F.2d 1452, 1455 (internal citations omitted) (citing United States v. Miller, 722 F.2d 562, 565 (9th Cir. 1983); United States v. De Bright, 730 F.2d 1255, 1257 (9th Cir. 1984). Thus, the undersigned will deny Plaintiff's request for criminal referral.

### A.     Retaliation

To state a First Amendment retaliation claim, a plaintiff must plausibly allege "that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." O'Brien v. Welty, 818 F.3d 920, 932 (9th Cir. 2016) (quoting Pinard v. Clatskanie Sch. Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006)).

In Plaintiff's first claim, Plaintiff alleges that "Defendants denied Plaintiff's claim in retaliation for exercising his rights," and therefore, violated the First Amendment. See ECF No 1, pg. 4. Plaintiff contends that "[t]he denial was issued in retaliation for Plaintiff's active litigation efforts and to shield County employees from liability." Id. at 3. Plaintiff fails to specify what constitutionally protected activity Plaintiff engaged in beyond the general claim of "active litigation efforts." Further, Plaintiff contends that Defendant's denial of Plaintiff's claim constituted an adverse action, taken in retaliation for Plaintiff engaging in a constitutionally protected activity, but does not allege that Defendant Ogonowski had any knowledge of

4

Plaintiff's active litigation efforts. Absent knowledge of Plaintiff's protected activity, Defendant Ogonowski's denial could not be in retaliation for Plaintiff engaging in that activity. Thus, Plaintiff fails to establish that the active litigation efforts were a motivating factor to Defendant Ogonowski's denial of Plaintiff's claim. The Court will grant Plaintiff leave to amend the complaint to identify any other facts that could support the allegation of retaliation.

### B.    Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In Plaintiff's second claim of Denial of Access to Courts pursuant to §1983, Plaintiff contends that the denial of Plaintiff's claim "impeded Plaintiff's ability to present critical evidence to his habeas case, appeal and federal suit." Id. at 4. Plaintiff asserts that such denial constitutes a "denial of access to courts in violation of the First and the Fourteenth Amendments." Id. However, Plaintiff fails to establish the facts demonstrating that denial of his tort claim impeded his access to courts because Plaintiff fails to explain what evidence could not be presented for his ongoing cases due to the denial of his tort claim. As a result, Plaintiff fails to establish a sufficient causal link. The Court will grant Plaintiff leave to amend the complaint to identify how the denial of his government tort claim interfered with his ability to access courts.

/ / /

/ / /

In Plaintiff's fourth claim, Plaintiff contends that "Defendants conspired – through coordination and ratification – to deny Plaintiff redress in three judicial forums [for the purpose of] shield[ing] County officials from liability" and to hide "a pattern of omissions and misconduct." Id. at 5.  However, Plaintiff fails to identify any individuals who conspired with Defendant Ogonowski.  For that reason, this claim is deficient. Plaintiff will be given an opportunity to amend the complaint to explain who conspired with Defendant Ogonowski and which specific actions of those people adversely affected Plaintiff or otherwise violated his rights.

Similarly, in Plaintiff's tenth claim, Plaintiff contends that Defendants actions resulted in a "functional suspension of the writ of habeas corpus," but Plaintiff does not explain how their actions denied Plaintiff opportunity to raise these claims in a petition for writ of habeas corpus. Indeed, Plaintiff is pursuing a writ of habeas corpus. Thus, this claim will be denied with leave to amend.

### C.   State Law Claim

"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff contends his ninth claim is brought pursuant to § 1983 and "supplemental state law principals." ECF No. 1, pg. 9. However, Plaintiff fails to allege a violation of his rights, as protected by the Constitution or federal law. Thus, this claim is not cognizable and will be denied with leave to amend.

### D.   Duplicative Claims

Plaintiffs do not have a right to maintain two separate actions regarding the same subject matter at the same court against the same defendant.  Mendoza v. Amalgamated Transit Union Int'l, 30 F.4th 879, 886 (9th Cir.).  The objectives for barring claim splitting are to protect a defendant from repetitive actions based on the same claim and to promote judicial economy. See Clements v. Airport Auth. Of Washoe Cnty., 69 F.3d 321, 328, 330 (9th Cir.).  The test for claim-splitting is borrowed from the test for claim preclusion.  Mendoza, 30 F.4th at 886.  To

6

determine whether the claim is duplicative, the Court considers: (1) whether the causes of action and relief sought are the same; and (2) whether the parties are the same.  Id.

In Plaintiff's third claim, Plaintiff asserts "Failure to Investigate/Inadequate Investigation" and alleges that "Defendants failed to conduct any meaningful review of Plaintiff's claim, despite access to records that would have substantiated his credits," thereby violating Plaintiff's due process rights.  See ECF No 1, pg. 4.  Similarly, in Plaintiff's seventh claim, Plaintiff alleges Defendant Ogonowski violated Plaintiff's procedural Due Process rights by failing "to conduct any meaningful investigation" into Plaintiff's government tort claim.  Id. at 6-7.  Plaintiff contends that he provided "substantial documentation and clear references to court records, probation files, and third-party verification," but there was "no indication that any records were reviewed, any officials consulted, or that any substantive determination was reached regarding the factual merits of the claim."  Id. at 7.

A reasonable investigation is an inherent part of the administrative process before a claim is granted or denied.  The claim for failure to investigate is subsumed by the broader Due Process claim, as any denial of the tort claim without alleged opportunity to be heard necessarily entails a lack of investigation.  Therefore, proving the broader claim of Due Process violation would inherently address the alleged procedural defect in the narrower claim, making the failure to investigate claim duplicative.  As a result, Plaintiff's third claim will be dismissed as duplicative, without leave to amend.

### E.        Denial of Due Process

A claim for violation of due process requires a showing that the plaintiff was deprived of a protected liberty or property interest.  See Knappenberger v. City of Phoenix, 566 F.3d 936, 940 (9th Cir. 2009).  In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Liberty interests can arise both from the Constitution and from state law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993).  However, "a benefit is not a protected entitlement if government

7

officials may grant or deny it in their discretion." Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005).

In Plaintiff's seventh claim, Plaintiff alleges Defendant Ogonowski violated Plaintiff's procedural Due Process rights by failing "to conduct any meaningful investigation" into Plaintiff's government tort claim. See ECF No 1, pgs. 6-7. Plaintiff contends that "arbitrary denial" of his tort claim deprived him "of a fair opportunity to be heard." Id. at p. 7. Plaintiff does not specify what protected liberty or property interest he was deprived of by Defendants acts or omissions. The absence of an opportunity to be heard is not itself a liberty, but a procedural defect. For that reason, Plaintiff's seventh claim fails. The Court will grant Plaintiff leave to amend the complaint to identify what liberty he was deprived of as a result of not being given a fair opportunity to be heard.

Next, in Plaintiff's eighth claim, Plaintiff contends he was entitled to "monetary compensation based on his timely filed government tort claim," and therefore, the denial of his claim, without proper investigation, violated Plaintiff's right to due process. See id. at p. 7. However, protected property interest exists only if there is a legitimate claim of entitlement, not merely an expectation of monetary reward. Until liability is established, Plaintiff could not claim possible monetary damages as his property in the constitutional sense. For that reason, this claim is defective, but the Court will grant Plaintiff leave to amend the complaint.

### F.    Municipal Liability

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the

plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.

In light of the deficiencies with Plaintiff's underlying claims of constitutional violations, Plaintiff's Fifth and Twelfth Claims, that Butte County "has a de facto policy of rejecting valid claims without investigation," and that Butte County Board of Supervisors "has ratified or failed to correct policies and customs that deny valid claims," are defective. Plaintiff fails to articulate the constitutional deprivation that the municipality's "de facto" policies resulted in. Absent a cognizable constitutional deprivation, there cannot be municipal liability arising from such deprivation. Thus, the undersigned will grant leave to amend.

As previously stated, to the extent that Plaintiff's allegations are that Plaintiff's equal protection rights were violated as a result of Butte County and Butte County Board of Supervisor policies, such claims are cognizable.

### III.    CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

9

/ / /

/ / /

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for judicial notice, ECF No. 9, is DENIED WITHOUT PREJUDICE;

2.      Plaintiff's request for criminal referral, ECF No. 10, is DENIED;

3.      Plaintiff's original complaint, ECF No. 1, is DISMISSED WITH LEAVE TO AMEND;

4.      Plaintiff may file an amended complaint within 30 days of the date of service of this order.


Dated:  April 14, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

10